UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

ROBERT E. COLE and MARSHALL H. )
MURDOCK,                        )
                                )
        Plaintiffs,              )       3  08  0264
                                )       No. 3:08mc00022
v.                              )       Judge Campbell
                                )
TENNESSEE DEPARTMENT OF         )
CORRECTION, ET AL.,             )
                                )
        Defendants.              )

## MEMORANDUM

### I. INTRODUCTION AND BACKGROUND

The plaintiffs, proceeding *pro se* and *in forma pauperis*, are prisoners in the Northwest Correctional Complex (NWCX) in Tiptonville, Tennessee. They bring this action under 42 U.S.C. § 1983 against George Little, Commissioner, Tennessee Department of Correction (TDOC) and twenty-one (21) other defendants.[1] The plaintiffs seek money damages and injunctive relief, alleging that the defendants have violated their rights under the Eighth and Fourteenth Amendments.

The plaintiffs' claims are characterized as: 1) plaintiff Cole's personal claims (Docket Entry

---

[1] The defendants are: 1) George Little, TDOC Commissioner; 2) Donna White, director of TDOC health services; 3) Dr. Leslie Collins, M.D., physician at Charles Bass Correctional Complex (Charles Bass); 4) Donald Webb, health care administrator at Charles Bass; 5) Flora Holland, Warden at Charles Bass; 6) Mark King, director of health services at the DeBerry Special Needs Facility (DeBerry); 7) Dr. Paul Alexander, M.D., medical director at DeBerry; 8) Dr. Larry McNeil, staff physician at DeBerry; 9) Roland Colson, Warden at DeBerry; 10) Carl Cadiz, nurse at DeBerry; 11) John Doe, unknown TDOC employee with the "responsibility of making decisions and policies regarding medical care and treatment of employees"; 12) Tommy Mills, Warden at NWCX; 13) Dennis Dean, health administrator at NWCX; 14) Dr. James Smith, M.D., former physician at NWCX; 15) Dr. Robert Ball, M.D., physician at NWCX; 16) Dr. K. Goff, physician at NWCX; 17) Dana Hicks, inmate job coordinator at NWXC; 18) Janice Hoff, inmate job coordinator at NWCX; 19) John Doe II, apparently a member of the West Tennessee State Prison (WTSP) medical staff; 20) Prison Health Services, Inc. (PHS); 21) FCM-MTC Medical d/b/a "First Medical Management" (First Medical); 22) and Milestone Staffing Services (Milestone). Prison Health Services, Inc., First Medical, and Milestone are alleged to be under contract to provide inmate medical services at TDOC facilities.

No. 1, ¶¶ 41-46, pp. 9-11); 2) plaintiff Murdock's personal claims (Docket Entry No. 1, ¶¶ 32-40, pp. 7-9); and 3) claims raised in common by both plaintiffs. The claims raised in common by both plaintiffs include: 1) their inability to work because of the limited number of jobs for medical inmates (Docket Entry No. 1, ¶¶ 47-48, pp. 11-12); 2) the requirement to pay a $3.00 fee each time that they receive treatment for their chronic medical conditions (Docket Entry No. 1, ¶ 49, p. 12); and 3) general allegations of deliberate indifference to their serious medical need at NWCX. (Docket Entry No. 1, ¶¶ 50-52, pp. 12-13). The plaintiffs demand that they be transferred to DeBerry "for treatment and for the remainder of this lawsuit." (Docket Entry No. 1, ¶ 53, p. 13)

## II. ANALYSIS

To state a claim under § 1983, the plaintiffs must allege and show: 1) that they were deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981)(overruled in part by *Daniels v. Williams*, 474 U.S. 327, 330 (1986)); *Flagg Bros v. Brooks*, 436 U.S. 149, 155-56 (1978); *Black v. Barberton Citizens Hosp.*, 134 F.3d 1265, 1267 (6th Cir. 1998). Both parts of this two-part test must be satisfied to support a claim under § 1983. *See Christy v. Randlett*, 932 F.2d 502, 504 (6th Cir. 1991).

Under the Prison Litigation Reform Act (PLRA), the Court is required to dismiss a prisoner-plaintiff's complaint if it is determined to be frivolous, malicious, or if it fails to state a claim on which relief may be granted. 28 U.S.C. § 1915A(b). A complaint is frivolous and warrants dismissal when the claims "lack[] an arguable basis in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Claims lack an arguable basis in law or fact if they contain factual allegations that are fantastic or delusional, or if they are based on legal theories that are indisputably meritless. *Id.*

at 327-28; *Brown v Bargery*, 207 F.3d 863, 866 (6th Cir. 2000); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198-99 (6th Cir. 1990). Although *pro se* complaints are to be construed liberally by the courts, *see Boag v. MacDougall*, 454 U.S. 364, 365 (1982), under the PLRA, "courts have no discretion in permitting a plaintiff to amend a complaint to avoid a *sua sponte* dismissal," *McGore v. Wrigglesworth*, 114 F.3d 601, 612 (6th Cir. 1997).

### A. Plaintiff Cole's Personal Claims

Plaintiff Cole's personal claims pertain to allegations of deliberate indifference to his serious medical needs at NWCX and WTSP, and his inability to earn behavior/program credits at NWCX because his health prevents him from working. (Docket Entry No. 1, ¶¶ 41-46, pp. 9-11)

Venue in this action is governed by 28 U.S.C. § 1391. Section 1391 requires that an action be brought in: 1) a judicial district where any defendant resides, if all defendants reside in the same state; 2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or 3) a judicial district in which defendants are subject to personal jurisdiction at the time that the action is commenced, if there is no district in which the action may otherwise be brought. *Id.* at § (b).

As noted above, the alleged events that gave rise to plaintiff Cole's personal claims occurred at NWCX and WTSP. (Docket Entry No. 1, ¶¶ 41-46, pp. 9-11) The Northwest Correctional Complex and WTSP, located in Lake and Louderdale Counties respectively, lie within the jurisdiction of the United States District Court for the Western District of Tennessee. 28 U.S.C. §§ 123(c)(1) and (2). Moreover, the defendants identified in subparagraphs 12) through 19), *supra* at p. 1 n 1, who may be implicated in plaintiff Cole's personal claims are amenable to suit only in the Western District of Tennessee, whereas the senior TDOC officials and the health care providers who

3

may be implicated in plaintiff Cole's personal claims are amenable to suit in any district of the State of Tennessee. Accordingly, the proper venue for plaintiff Cole's personal claims is in the Western District of Tennessee.

For the reasons explained above, plaintiff Cole's personal claims will be transferred to the United States District Court for the Western District of Tennessee. 28 U.S.C. § 1404(a); 1406(a).

## C. Plaintiff Murdock's Personal Claims

Plaintiff Murdock's personal claims pertain to his allegations of deliberate indifference to his serious medical needs. Plaintiff Murdock's personal claims derive from his incarceration in the Charles Bass Correctional Complex (Charles Bass), DeBerry, and NWCX.

To establish a violation of his constitutional rights resulting from a denial of adequate medical care, a prisoner must show that the defendants were deliberately indifferent to his serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Brooks v. Celeste*, 39 F.3d 125, 127 (6th Cir. 1994). "Deliberate indifference" is the reckless disregard of a substantial risk of serious harm; mere negligence, or even gross negligence, will not suffice. *Farmer v. Brennan*, 511 U.S. 825, 835-36 (1994); *Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999)(*en banc*); *Westlake v. Lucas*, 537 F.2d 857, 860-61 n. 5 (6th Cir. 1976); *see also Estelle*, 429 U.S. at 105-06.

An Eighth Amendment claim of denial of medical care claim has both an objective and subjective component. The objective component requires that the prisoner's medical needs were sufficiently serious. *See Rhodes v. Chapman*, 452 U.S. 337 (1981); *Hunt v. Reynolds*, 974 F.2d 734, 735 (6th Cir. 1992). The subjective component requires that the prison officials were deliberately indifferent to those needs. *See Wilson v. Seiter*, 501 U.S. 294 (1991); *Hunt*, 974 F.2d at 735. To set forth a viable claim for the denial of medical care, the prisoner's health also must have suffered as

4

a consequence of the alleged denial of medical care. *See Thaddeus-X v. Blatter*, 175 F.3d 378, 401 (6th Cir. 1999).

Complaints of malpractice or allegations of negligence are insufficient to entitle a prisoner to relief. *Estelle*, 429 U.S. at 105-06. A prisoner's difference of opinion regarding treatment also does not rise to the level of an Eighth Amendment violation. *Id.* at 107. Moreover, where a prisoner has received some medical attention, but disputes the adequacy of that treatment, the federal courts are reluctant to second-guess prison officials' medical judgments and constitutionalize claims which sound in state tort law. *Westlake v. Lucas*, 537 F.2d 857, 860 n. 5 (6th Cir. 1976).

Plaintiff Murdock addresses only four of the defendants by name in the context of his personal deliberate indifference claims: Dr. James Smith, former physician at NWCX, and Dr. Leslie Collins, Donald Webb, and Carl Cadiz, the latter three of whom were employed at Charles Bass and DeBerry at the time of the alleged events that gave rise to plaintiff Murdock's personal claims, and are therefore amenable to suit in the Middle District. For the reasons previously explained, *supra* at pp. 3-4, plaintiff Murdock's claim against Dr. Smith will be transferred to the United States District Court for the Western District of Tennessee. Moreover, to the extent that some of plaintiff Murdock's claims may be construed as having arisen at either NWCX or WTSP (Docket Entry No. 1, ¶¶ 37-40, pp. 8-9), those claims will be transferred as well.

In his claims against Dr. Collins and Donald Webb, plaintiff Murdock asserts that he sought assistance "repeatedly" from them for his medical problems after he was transferred from county jail to Charles Bass on February 16, 2007. (Docket Entry No. 1, ¶ 33, p. 7) Plaintiff Murdock asserts that Dr. Collins "finally" ordered an appointment for him to see "a gastroenterologist specialist" at DeBerry on April 19, 2007, the inference being that Dr. Collins and/or Donald Webb

delayed his appointment with the specialist. (Docket Entry No. 1, ¶ 34, p. 7)

Apart from insinuation and innuendo, plaintiff Murdock provides no factual allegations that Dr. Collins and/or Donald Webb were deliberately indifferent to his medical needs. The Court is not required to conjure up unpled facts. *See Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1990) Even if Dr. Collins and/or Donald Webb were responsible for delaying plaintiff Murdock's appointment at DeBerry, delays in receiving medical attention do not rise to the level of a constitutional violation unless the plaintiff suffers a detrimental effect to his health as a consequence. *Garretson v. City of Madison Heights*, 407 F.3d 789, 797 (6th Cir. 2005)(citing *Napier v Madison County, Kentucky*, 238 F.3d 739, 742 (6th Cir. 2001)). Plaintiff Murdock does not allege, nor can it be liberally construed from the complaint, that his health suffered during the two-plus month period of his incarceration at Charles Bass due to the alleged delay.

In the paragraphs where he complains about Dr Collins and Donald Webb, plaintiff Murdock also asserts that he was transferred from Charles Bass to NWCX four days after his appointment at DeBerry (Docket Entry No 1, ¶ 34, p. 7) Plaintiff Murdock does not allege, nor can it be liberally construed from the complaint, that Dr Collins and/or Donald Webb were responsible for the transfer. However, even if Dr Collins and/or Donald Webb were responsible for the transfer, the law is well established that prisoners do not have a right to choose their prison. *See Olim v. Wakinekona*, 461 U.S. 238, 249 (1983); *Meachum v Fano*, 427 U.S. 215, 225 (1976); *Moody v. Daggett*, 429 U.S. 78, 88 (1976); *Beard v Livesay*, 798 F.2d 874, 876 (6th Cir. 1986). Moreover, it is clear from the complaint that plaintiff Murdock has continued to receive medical care at DeBerry since his transfer to NWCX. Plaintiff Murdock admits that he has been transported from NWCX to DeBerry six times for "x-rays, diagnosis and consults . . . ." (Docket Entry 1, ¶ 35, p 7)

Although it clear from the complaint that plaintiff Murdock has been transported to DeBerry at least six times since his transfer to NWCX, plaintiff Murdock maintains that he "still has not received either medical treatment or medication . . ." (Docket Entry No. 1, ¶¶ 35, 37-39, pp. 7-9) As previously established, *supra* at p. 5, where a prisoner receives some medical attention, but disputes the adequacy of that treatment, the federal courts will not second-guess the medical judgment of the prison officials. In keeping with that long-standing policy, this Court will not second-guess the decisions of the medical professionals at DeBerry, inasmuch as they have provided plaintiff Murdock with "x-rays, diagnos[e]s[,] and consults, etc. . ." on at least six occasions prior to the initiation of this action.

In addition to the foregoing, plaintiff Murdock also alleges that being transported to and from NWCX and DeBerry constitutes cruel and unusual punishment because he cannot "empty his Il[e]ostomy pouch" during the trip. (Docket Entry No. 1, ¶ 35, pp. 7-8) Sixth Circuit has held that temporary inconveniences of the type alleged do give not give rise to Eighth Amendment violations.[2] *Dellis v Corrections Corporation of America*, 257 F 3d 508, 511 (6th Cir. 2001)

The final defendant amenable to suit in the Middle District to whom plaintiff Murdock makes specific reference in the statement of the facts is Carl Cadiz, a nurse at DeBerry. (Docket Entry No. 1, ¶ 36, p. 8) Plaintiff Murdock alleges that nurse Cadiz administered two 60 mg "capsules of morphine" to him that were intended for another prisoner. It appears from the complaint that Nurse

---

[2] Plaintiff Murdock also claims that the conditions under which he is transported to and from NWCX and DeBerry violates his rights under the Americans Disabilities Act (ADA). (Docket Entry No. 1, ¶ 35, p 8) The ADA prohibits employment discrimination against qualified individuals with a disability. 42 U S C § 12112(a). Plaintiff Murdock's transfer to and from NWCX and DeBerry is unrelated to employment. Therefore, the ADA is inapplicable in the context of this claim.

Cadiz administered the morphine to plaintiff Murdock by mistake, nor does plaintiff Murdock allege otherwise. As previously established, *supra* at p. 5, negligence – even malpractice – does not rise to the level of an Eighth Amendment violation.

As to the remaining defendants identified *supra* at p. 1 at n. 1 who are amenable to suit in the Middle District, *i.e.*, those identified in subparagraphs 1) - 11) and 20) - 22), plaintiff Murdock does not mention any of them in the statement of the facts in the context of his personal deliberate indifference claims, or otherwise. Nor is it possible to liberally construe the complaint in a way that would link any of these remaining defendants to plaintiff Murdock's personal claims that stemmed from his incarceration in the Middle District. Consequently, plaintiff Murdock fails to satisfy the first part of the two-part test under *Parratt*, *supra* at p. 2 as to these remaining defendants.

In addition to the foregoing, although *pro se* complaints are held to less stringent standards than complaints prepared by an attorney, *see Boag*, 454 U.S. at 365, the courts are not willing to abrogate basic pleading essentials in *pro se* suits, *see Wells*, 891 F.2d at 594. More than bare assertions of legal conclusions or personal opinions are required to satisfy federal notice pleading requirements. *Id.* Specifically, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory. *See Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir. 1988). Because the plaintiff fails to support his personal claims with factual allegations against the remaining defendants, his claims against them also are conclusory and, as such, subject to dismissal on those grounds. *Smith v. Rose*, 760 F.2d 102, 106 (6th Cir. 1985); *Place v. Shepherd*, 446 F.2d 1239, 1244 (6th Cir. 1971).

For the reasons explained above, plaintiff Murdock's personal claims of deliberate indifference arising in the Middle District of Tennessee lack an arguable basis in law or fact

Accordingly, these claims will be dismissed as frivolous

### D. Claims Raised in Common by Both Plaintiffs

The plaintiffs' first claim in common is that TDOC "discriminates against inmates" at NWCX because, "compared to the jobs available to [the] general population . there are only 33 jobs available to medical inmates." (Docket Entry No. 1, ¶ 47, pp. 11-12) The plaintiffs allege further that, "when an inmate moves from unit to unit he must re-apply and wait for several months for another job," whereas "all other non-medical inmates ha[ve] access to [jobs] even if they move." (Docket Entry No 1, ¶ 48, p 12)

Next, the plaintiffs allege that they are required to pay $3.00 each time that they receive treatment at NWCX for their chronic medical conditions. (Docket Entry No. 1, ¶ 49, p. 12) The plaintiffs also allege that the "contract health care provider" at NWXC allows "medications and AVO's to expire," which requires the prisoner to "initiate a sick-call request," thereby permitting the health care provider to charge the prisoner another $3.00 fee, and that it is "common practice [for] the health care provider [to] sign the inmate's name" at NWCX to withdraw the money from the prisoner's account "even though treatment was not administered." (Docket Entry No. 1, ¶ 49, p. 12)

Finally, the plaintiffs allege that they have addressed their medical situation at NWCX in writing to Dennis Dean and TDOC officials, but to no avail (Docket Entry No. 1, ¶¶ 50-52, pp. 12-13) According to the plaintiffs, they "have followed the proper channels and submitted the appropriate forms, still they have been denied medical treatment." (Docket Entry No. 1, ¶¶ 51-52, p. 13)

The alleged events that gave rise to the plaintiffs' claims in common all occurred at NWCX.

9

Moreover, of the defendants implicated in these claims, as previously discussed, *supra* at pp. 3-4, there are those who are amenable to suit only in the Western District of Tennessee, and those that are amenable to suit in any federal district in the State of Tennessee. Therefore, for the reasons previously explained *supra* at pp. 3-4, the claims that the plaintiffs have raised in common will be transferred to the United States District Court for the Western District of Tennessee. 28 U.S.C. § 1404(a); 1406(a).

### III. CONCLUSION

For the reasons explained herein, plaintiff Murdock's personal claims arising out of events alleged to have occurred in the Middle District of Tennessee will be dismissed as frivolous. Plaintiff Cole's personal claims, as well as those raised in common by both plaintiffs, will be transferred to the United States District Court for the Western District of Tennessee. The plaintiffs' motion that they be transferred to DeBerry for treatment and for the remainder of this lawsuit will be denied.

An appropriate Order will be entered.

*/s/ Todd Campbell*
Todd Campbell
United States District Judge